UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BENAVENTE, | 1:12-CV-00257 BAM HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | [Doc. #12] |
| MARTIN D. BITER, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pending before the Court is Petitioner's motion for reconsideration filed on August 15, 2012. Petitioner seeks to raise additional claims in this matter based on allegedly newly discovered evidence. Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

1    Petitioner fails to meet this standard.  The instant petition was dismissed as successive on
2 March 23, 2012.  Regardless of whether Petitioner's contention that the claims are based on newly
3 discovered evidence is true, 28 U.S.C. § 2244 (b)(3)(A) provides: "Before a second or successive
4 application permitted by this section is filed in the district court, the applicant shall move in the
5 appropriate court of appeals for an order authorizing the district court to consider the application." In
6 other words, Petitioner must obtain leave from the Ninth Circuit before Petitioner can file a second
7 or successive petition in this Court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court
8 must dismiss any second or successive petition unless the Court of Appeals has given Petitioner
9 leave to file the petition because a district court lacks subject-matter jurisdiction over a second or
10 successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart,
11 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96
12 F.3d 990, 991 (7th Cir. 1996).  Because the instant petition and any additional claims are successive,
13 the Court lacks subject matter jurisdiction to consider them.

14    Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is
15 DENIED.

16    IT IS SO ORDERED.

17    Dated:   **August 20, 2012**            /s/ **Barbara A. McAuliffe**
                                      UNITED STATES MAGISTRATE JUDGE